**McGREGOR et al. v. DIAMOND, Marshal, et al.**

No. 5151.

Court of Appeal of Louisiana. Second Circuit.

Dec. 13, 1935.

Thos. H. McGregor, of Alexandria, for appellants.

Tobin R. Hodge, of Rayville, for appellees.

DREW, Judge.

Plaintiffs instituted the following suit as set out in their petition:

"1. That they each own an undivided interest in the following described property situated in the Town of Rayville, Louisiana, and assessed for the purposes of taxation for the year 1931 in the following manner, to-wit:

"(a) Lots Two (2) and Three (3) of Scott's Addition, assessed in the name of Berry Willis and Heirs of J. W. Willis.

"(b) Fractional Lots Five (5) and Six (6), Block 'A', Newman's Addition to the Town of Rayville, and Lot in Block Ten (10) of Ray's Plan of Rayville, assessed in the name of Heirs of J. W. Willis.

"(c) An undivided one-half interest in Lots One (1) and Eight (8), Block Three (3) of Scott's Addition in the Town of Rayville, assessed in the name of Heirs of J. W. Willis, et als.

"(d) Lots One (1) and Two (2) of Block 'A,' of Newman's Addition to the Town of Rayville, assessed in the name of Mrs. Rosa B. Willis Estate and Mrs. Duffie Willis McGregor.

"(e) Lot 116x130 feet in Lot Six (6), Block 'A' of Newman's Addition to the Town of Rayville, assessed in the name of Mrs. Rosa B. Willis and Mrs. Duffie Willis McGregor.

"2. That neither petitioners nor any of their co-owners paid any of the taxes due on said property for the year 1931 and, consequently, at the annual State Tax Sale, held in the Town of Rayville, on or about December 24, 1932, all of the said property was adjudicated to the State of Louisiana under the provisions of the Constitution and the laws of the State, and due returns of the same were made by

the Sheriff and Tax Collector, all as required by law.

"3. That in accordance with the terms of the provisions of Act No. 161 of the year 1934, petitioners have redeemed the said property from the State of Louisiana, the said adjudications have been duly cancelled, and tax redemption certificates issued by the Registrar of the State Land Office have been duly recorded in the Conveyance and Mortgage Records of the Parish of Richland.

"4. That the taxes due to the Town of Rayville for the year 1931 were not paid either by your petitioners or by any of their co-owners, and that accordingly, as provided by law, the said property was advertised by the Town of Rayville in accordance with the Constitution and laws of the State of Louisiana.

"5. That the said Tax Sale, so advertised, was duly held by R. S. Diamond, Marshal and Tax Collector of the Town of Rayville, on the day advertised and was conducted as the law directs.

"6. That petitioners do not know the exact date of the said Tax Sale by the said Town of Rayville, but it was sometime during the latter part of 1932 or sometime during 1933.

"7. That at the said Tax Sale there was no one who bid the amount of the taxes, interest, penalties and costs of all or any portion of the said property.

"8. That in all cases where lands are offered for sale for unpaid municipal taxes, and where no one will bid the amount of the tax, damages and costs due, the law requires that the said property shall be struck off to the municipality and that it otherwise be dealt with as lands which are sold to the State as delinquent State and Parish taxes.

"9. That since there was no bidder for all or any portion of the said property, and since the law requires that under such circumstances the said property shall be struck off to the municipality, it was the mandatory duty of the said R. S. Diamond, Marshal and Tax Collector of the Town of Rayville, to strike off and adjudicate the said property to the Town of Rayville.

"10. That when the said R. S. Diamond, Marshal and Tax Collector of the Town of Rayville, failed to secure any bidder or bidders for all or any portion of the said property notwithstanding it was duly offered and bids were invited in the manner required and provided by law, he, the said R. S. Diamond, Marshal and Tax Collector to the Town of Rayville, declared in an audible voice words equivalent to the statement that the said property was being struck off, or adjudicated, to the Town of Rayville as required by law.

"11. That notwithstanding the fact that the said property was thus duly and legally struck off and adjudicated to the Town of Rayville, the said R. S. Diamond, Marshal and Tax Collector of the Town of Rayville, failed and neglected to have executed and recorded a formal title deed, statement, return or proces verbal as required by law, showing that the property had been struck off and adjudicated to the said Town of Rayville.

"12. That petitioners were not present at said sale but were fully informed and aware of the fact that no one bid the required amount for all or any portion of the said property and that the said R. S. Diamond, Marshal and Tax Collector of the Town of Rayville, had formally struck off and adjudicated it, the said property, to the Town of Rayville, for the said delinquent taxes of the year 1931.

"13. That they presumed and were, until recently, under the firm impression that the said R. S. Diamond, Marshal and Tax Collector of the Town of Rayville, had complied with his duty under the plain mandatory provisions of the law by executing and recording the necessary title deed, statement, return or proces verbal showing the said adjudication.

"14. That only recently, on May 4, 1935, have your petitioners learned of the failure and neglect of the said R. S. Diamond, Marshal and Tax Collector of the Town of Rayville, to execute and record a formal title deed, statement, return or proces verbal showing the said adjudication.

"15. That as soon as this information was received, your petitioners, through their attorney, on the same day, verbally called upon and requested the said R. S. Diamond, Marshal and Tax Collector of the Town of Rayville, to comply with the mandatory provisions of the law and to execute and record formal title deeds, statements, returns or proces verbal showing that he had complied with the law on the day of the said sale, and had struck off and adjudicated the said property to the Town of Rayville for the delinquent taxes for the year 1931, but this request was refused.

"16. That notwithstanding and ignoring the fact that the said property had already been adjudicated to the Town of Rayville for delinquent taxes due for the year 1931, and contrary to the plain provisions and prohibitions of the law, the said R. S. Diamond, Marshal and Tax Collector of the Town of Rayville, again during the months of April and May, advertised the said property for sale on the fourth day of May, 1935, for taxes alleged to be due for the years of 1932 and 1933.

"17. That pursuant to the said advertisement, the said R. S. Diamond, Marshal and Tax Collector of the Town of Rayville, offered the said property for sale again in accordance with the terms of the said illegal advertisement; that said attempted Tax Sale, insofar as it affected this property, was null and void and in violation of the plain provisions of the law; that the laws governing Tax Sales by the Sheriffs and Ex-Officio State Tax Collectors, govern Tax Sales conducted by municipalities of the State; that section 61 of Act No. 170 of the Acts of 1898 expressly provides that where property has been adjudicated to the State in default of a bidder, the tax collector shall not sell the same under any further assessment until the same has been redeemed as provided by law. That this provision of the law was binding upon the said R. S. Diamond, Marshal and Tax Collector of the Town of Rayville, and that, therefore, the so-called Tax Sale, wherein the said property was advertised for sale, was invalid and contrary to the laws insofar as it affected the said property.

"18. That pursuant to the said illegal advertisement, the said R. S. Diamond, Marshal and Tax Collector of the Town of Rayville, offered the said property for sale again.

"19. That at this so called Tax Sale and illegal offering there was no bidder for all or any portion of the said property, and the said R. S. Diamond, Marshal and Tax Collector of the Town of Rayville, undertook to strike off and adjudicate the said property to the Town of Rayville as he had done at the former sale when this same property was offered for sale for the delinquent taxes of 1931 and when there had likewise been no bidder for all or any portion of the said property.

"20. That the said alleged or attempted adjudication of May 4th, 1935, to the Town of Rayville, was illegal and in plain violation of the mandatory provisions of the law; that it was null and void and can have no effect whatever for the reason that the law expressly provides that after property has once been adjudicated to the municipality, as this property had been adjudicated to the Town for the taxes of the year 1931, the tax collector shall not sell the said property again under any subsequent assessment unless and until it has been redeemed from the former adjudication.

"21. That pursuant to the said illegal and invalid adjudication, the said R. S. Diamond, Marshal and Tax Collector of the Town of Rayville, has executed and caused to be recorded in the Conveyance Records of this Parish and State, formal title deeds, statements, returns or proces verbal showing the said illegal and invalid adjudication to the Town.

"22. That the said instrument, by whatever name it may be called, is illegal, null and void, and should be cancelled from the record.

"23. That as between the Town of Rayville and the Tax debtors who owed the taxes for the year 1931, except for keeping the record straight, it was not necessary, in order to make the adjudication binding, to execute and record a formal deed, statement, return or proces verbal showing the said adjudication on account of the said delinquent taxes of the year 1931, the only object of said execution and recordation being to protect the Town's rights against third persons; that as between the Town and the said Tax debtors, the said adjudication took effect automatically when no bids were received and when the Marshal and Tax Collector announced the fact as he was required to do by law, and as the law presumes he did, that the said property was struck off and adjudicated to the said Town of Rayville.

"24. That the duty of the said R. S. Diamond, Marshal and Tax Collector to the Town of Rayville, to execute and record the said formal title deeds, statements, returns or proces verbals is purely ministerial but mandatory, and may always be performed as long as no interest of an innocent third party has intervened; that no interest of an innocent third party has intervened in this matter since the said adjudication and since the said Marshal and Tax Collector may yet execute and record the said instrument required by law the Tax debtors, or any one or more of them,

have the right to demand that he comply with this mandatory ministerial duty in order to keep the record straight.

"25. That since the said property was legally struck off and adjudicated to the Town of Rayville for the delinquent taxes for the year 1931, the said Town was prohibited by the express provisions of the law from again offering the said property for sale on account of the delinquency of any subsequently accruing taxes.

"26. That it is to the interest of any and all of the Tax debtors in this case to have the said adjudication of the said property to the said Town of Rayville recognized, and your petitioners have the right to demand that it be recognized for the following reason: Since the said adjudication, Act No. 161 of 1934 has been enacted by the Legislature of the State of Louisiana; that under the express provisions of this Act your petitioners have the right to have certificates of redemption issued covering the property upon their contracting to pay to the Town of Rayville the amount of the actual taxes for the year 1931 for which the said property was adjudicated to the Town of Rayville.

"27. That upon the application of your petitioners and upon their agreement to pay to the Town of Rayville the amount of the actual taxes for the year 1931, for which the said property was adjudicated to the Town of Rayville, it is the duty of the Town of Rayville, through its Mayor, Hon. William T. Jones, to execute and deliver to your petitioners a certificate, or certificates, of redemption containing a stipulation for the payment of the said price of redemption in five (5) equal payments to be paid in annual installments beginning one (1) year from the date of the certificate or certificates, and due in one, two, three, four and five (1, 2, 3, 4, & 5) years from date with interest from maturity at five per cent (5%) per annum.

"28. That petitioners have made formal written application or request to the Hon. William T. Jones, Mayor of the Town of Rayville, for the redemption of the said property under the terms of Act No. 161 of 1934, and the said Mayor has refused to comply with the said request.

"29. That petitioners have again called upon the said R. S. Diamond, Marshal and Tax Collector of the Town of Rayville, to execute and record title deeds, statements, returns or proces verbal showing that he struck off and adjudicated to the said Town of Rayville the said property, for delinquent taxes of the year 1931, and he has again refused.

"30. That your petitioners desire and are entitled to writs of mandamus addressed to the said R. S. Diamond, Marshal and Tax Collector of the Town of Rayville, to J. C. Salmon, Clerk of this Court and Ex-Officio Recorder of Richland Parish, Louisiana; and to Hon. William T. Jones, Mayor of the Town of Rayville, as follows:

"(a) A writ of mandamus addressed to the said R. S. Diamond, Marshal and Tax Collector of the Town of Rayville, commanding and directing him to comply with the provisions of the law and to execute and have recorded in the Conveyance Records of Richland Parish, Louisiana, formal title deeds, statements, returns or proces verbals showing the adjudication to the said property to the Town of Rayville for delinquent taxes of the year 1931.

"(b) A writ of mandamus addressed to J. C. Salmon, commanding and directing him to cancel and erase from the Conveyance Records of this Parish those instruments evidencing the illegal and invalid adjudication of the said property to the Town of Rayville for alleged delinquent taxes of the years 1932 and 1933, said instruments being recorded in Book 76, pages 504, 510, 511, 513, 514, 516.

"(c) A writ of mandamus addressed to the Hon. William T. Jones, Mayor of the Town of Rayville, commanding and directing him to issue and deliver to your petitioners a certificate or certificates of redemption covering all of said property as provided by Act No. 161 of 1934."

Plaintiffs then accordingly pray for the relief they allege they are entitled to, and rule was issued as prayed for.

On the day fixed for trial of said rule, defendants appeared and filed an exception of no cause of action and an answer. The exception was tried and sustained, and plaintiffs' suit dismissed at their cost. From this judgment, plaintiffs appealed to this court.

■ On what ground the exception was sustained is not shown by the judgment, and we were not favored with a written opinion by the lower court. We are informed by plaintiffs that the only reason given for sustaining the exception was that plaintiffs did not allege that they had prepared and tendered to the mayor a deed

for his signature. This, however, was not necessary. They allege that they made written demand on the mayor for a certificate of redemption in accordance with Act No. 161 of 1934, and the mayor refused to comply with this law.

The petition alleged that the property was legally adjudicated to the town of Rayville for the taxes of 1931, and claimed the right to redeem it under Act No. 161 of 1934. It likewise alleged that the same property was adjudicated to the state for the taxes of 1931, and the registrar of land office had furnished them with a certificate of redemption in accordance with Act No. 161 of 1934. This being true, it shows the interpretation placed upon this act by the state authorities.

It is urged by defendants that a mandamus proceeding is not the proper remedy. It seems clear that it is the mandatory duty of the town marshal to advertise and offer for sale property upon which the town taxes have not been paid, and if there are no bidders who offer to pay the taxes, interest, and costs, that he shall then adjudicate it to the town. This is alleged to have been done for the 1931 taxes. It is then a mandatory duty for the marshal to see that the proper certificate, deed, or procès verbal is executed and placed of record. His duties in this respect are purely ministerial and, to force him to perform them, a mandamus will lie. Whether or not the property was adjudicated to the town is a matter to be determined upon the merits of the case. For the purpose of the exception, the allegations of the petition are taken as true, and a careful study of the petition discloses that plaintiffs have set forth a cause of action. There are numerous other questions discussed in defendants' brief which are not matters to be passed upon on the exception of no cause of action.

We are convinced that plaintiffs have stated a cause of action, and that justice will be done by reversing the lower court and remanding the case for trial on its merits; and it is so ordered.